# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10129
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

NICOLE DEON GOOSBY,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-170-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nicole Goosby pleaded guilty of possession of counterfeit securities and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was sentenced above the advisory guideline range to seventy-two months' imprisonment. She appeals her non-guideline sentence as unreasonable. Although she refers to her sentence as an upward departure pursuant to U.S.S.G. § 4A1.3, the record reflects that the district court imposed a non-guideline upward variance based on the 18 U.S.C. § 3553(a) sentencing factors.

Pursuant to *Gall v. United States*, 552 U.S. 38 (2007), this court engages in a bifurcated review. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the court committed a "significant procedural error." *Id.* If not, we may proceed to the second step and review, for abuse of discretion, the substantive reasonableness of the sentence. *Id.* at 751−53.

Goosby raises a claim of procedural error by arguing that the district court improperly considered her 1997 arrest for forgery of a financial instrument. Because Goosby failed to raise that issue in the district court, review is limited to plain error, s*ee United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007), which is a forfeited error that is clear or obvious and that affects her substantial rights, s*ee Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court may exercise its discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In addition to listing the alleged offense for which Goosby was arrested, the presentence report ("PSR") included factual information underlying that arrest. Goosby did not object to the PSR, offer rebuttal evidence, or allege that the information contained in the PSR was materially untrue. She has not established plain error. *See United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1845 (2013); *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002).

No. 13-10129

As for substantive reasonableness, Goosby asserts that her sentence is excessive and that the district court erred in considering her 2002 and 2010 convictions because they were already accounted for in the guideline calculation. The court considered the statements presented at sentencing and the PSR and was free to conclude, as it did, that the guideline range gave insufficient weight to some of § 3553(a)'s factors.

Specifically, the court cited (1) Goosby's return to criminal fraudulent activity following the imposition of lenient sentences for other convictions, (2) her movement from mere possession of identification documents to the fraudulent use of such documents, and (3) her direction of others in the commission of the fraudulent scheme. The record demonstrates that the decision to impose a non-guideline sentence was based on permissible factors that advanced the objectives in § 3553(a) and were justified by the facts. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708-09 (5th Cir. 2006). Additionally, the variance does not represent an abuse of the district court's vast sentencing discretion when considered in light of the totality of the circumstances. *See Gall*, 552 U.S. at 51; *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Accordingly, the judgment of sentenced is AFFIRMED.